UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Douglas Hiram Coleman,                          Civil No. 07-473 (DWF/RLE)

        Plaintiff,

v.                                              **ORDER**

Duluth Police Department; Chief
Gordon Ramsay; Officer Tinsley
and other unidentified Duluth Police
Officers, both individually and in
their official capacity; and Fond Du Luth
Casino-Security; Unidentified Security
Officers, both individually and in their
official capacity; Jim Urness, Manager/Chief
of Security, both individually and in his
official capacity,

        Defendants.

---

Douglas Hiram Coleman, *Pro Se*, Plaintiff.

M. Alison Lutterman, Esq., Duluth City Attorney's Office, counsel for Defendants Duluth Police Chief Gordon Ramsey, R. Tinsley, Office Hanson, M. Tinsley, and City of Duluth; and Dennis J. Peterson, Esq., Fond du Lac Bank of Lake Superior Chippewa, counsel for Defendants Jim Urness, Ron Caastelini, "Ole," and David Johnson.

---

      This matter is before the Court upon the Report and Recommendation of Chief Magistrate Judge Raymond L. Erickson pursuant to a general assignment recommending that Defendants' motions be granted in all respects and that Plaintiff's motion be denied in all respects which will be more particularly described below. As noted by Chief

Magistrate Judge Erickson, the Plaintiff filed a motion to dismiss, *see* Doc. No. 116, which this Court will construe as a response to the Defendants' motion to dismiss as did the Chief Magistrate Judge.

The Duluth Defendants are before the Court seeking dismissals of all of Plaintiff's claims against Ramsay based upon the Plaintiff's failure to state a claim. Moreover, the Duluth Defendants seek summary judgment as to the Plaintiff's remaining claims under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), and on the bases of the applicable statute of limitations, and the doctrine of qualified immunity.

The Casino Defendants filed a motion to dismiss alleging lack of subject matter jurisdiction, as well as Plaintiff's failure to state a claim. Alternatively the Casino Defendants have argued that the Plaintiff's claims are barred by tribal sovereign immunity and by the Plaintiff's failure to exhaust tribal court remedies.

The Plaintiff seeks the entry of default against the Casino Defendants as well as the appointment of legal counsel.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated herein by reference.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation dated February 10, 2009 (Doc. No. 135), is **ADOPTED**.

2. Duluth Defendant Ramsay's motion to dismiss with prejudice all claims made against him in his official capacity is **GRANTED.**

3. Duluth Defendant Ramsay's motion to dismiss with prejudice all claims made against him in his individual capacity is **GRANTED**.

4. Duluth Defendants' motion for summary judgment based upon the statute of limitations as it relates to Plaintiff's first traffic stop and arrest which occurred on January 9, 1999, is **GRANTED**.

5. Duluth Defendants' motion to dismiss with prejudice Plaintiff's claims relating to the traffic stops of January 5 and 7, 2003, and September 21, 2006, is **GRANTED**.

6. Duluth Defendants' motion to dismiss with prejudice Plaintiff's claim as it relates to his arrest on April 26, 2007, at St. Mary's Hospital is **GRANTED**.

7. Defendants' motion for summary judgment relating to Plaintiff's arrest on September 26, 2006, is **GRANTED**.

8. Duluth Defendants' motions for summary judgment with respect to Plaintiff's claims against Officer William Helgemoe and Officer Ron Tinsley are **GRANTED**.

9. Duluth Defendants' motions for summary judgment as it relates to Plaintiff's claim that his constitutional rights were violated during his booking process at the St. Louis County Jail on or about April 26, 2007, is **GRANTED**.

10. Consequently, the Duluth Defendants' motion for summary judgment as to all of Plaintiff's claims are **GRANTED**.

11. The Casino Defendants' motion to dismiss for lack of subject matter jurisdiction over the Casino Defendants (Doc. No. 95) is **GRANTED**.

12. Alternatively, the Casino Defendants' motion to dismiss based upon tribal sovereign immunity is **GRANTED** to the extent that Plaintiff has sued the Casino Defendants in their individual capacities.  As to the individual capacity claims (Doc. No. 96), the Court **GRANTS** the Casino Defendants' motion to dismiss for lack of subject matter jurisdiction.

13. Given the Court's decision, finding no violation of Plaintiff's constitutional rights under federal law, because all claims of the Defendants have either been dismissed with prejudice or summary judgment has been granted, the Court respectfully declines to exercise supplemental jurisdiction over the Plaintiff's state law claims.  Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

14. Plaintiff's motion to dismiss is **DENIED AS MOOT**.

15. Plaintiff's motion to strike (Doc. No. 116) is **DENIED AS MOOT**.

16. Plaintiff's motion for entry of default (Doc. No. 131) is **DENIED**.

17. Plaintiff's motion to appoint counsel (Doc. No. 132) is **DENIED** AS MOOT.

18. Plaintiff's Complaint (Doc. No. 1) as to all federal claims is **DISMISSED WITH PREJUDICE.**

Dated:  March 31, 2009         s/Donovan W. Frank
                               DONOVAN W. FRANK
                               Judge of United States District Court